## EDWIN MYERS v. ELLEN G. BENTZ.

ERROR TO THE COURT OF COMMON PLEAS OF YORK COUNTY.

Argued May 23, 1889—Decided June 7, 1889.

(*a*) A testatrix devised a house and lot to her three daughters, subject as follows: "It is my will and desire that my said daughters shall have

the use and benefit of my said house and lot, jointly, so long as they shall remain single and unmarried, but in case either of my said daughters shall marry, then such daughter shall forfeit her right to the use and benefit of my said real estate, and the use and benefit of the same shall inure to the benefit of my remaining unmarried daughters or daughter, during their natural lives or the life of the survivor of them.

(*b*) "It is further my will that the survivor of my unmarried daughters shall have the right to dispose of my said house and lot by will or otherwise, but in the event that either of my said daughters should die unmarried, then the share of such daughter in the said real estate shall descend to my remaining single or unmarried daughters or the survivor of them. Should all of my said daughters marry, then the property shall be sold by them or the survivors of them and the proceeds shall be equally divided among them or their legal representatives."

(*c*) The testatrix bequeathed and devised, also, "all the rest and residue" of her estate to her said three daughters. One of said daughters died, intestate, unmarried and without issue, leaving her two sisters, also two brothers and children of a deceased brother, to survive her. Subsequently, the two surviving sisters, who were both unmarried, united in conveying the house and lot for a full consideration.

1. In such case, the two surviving sisters were vested with a valid fee simple title to the premises devised, and their deed conveyed such a title to their grantee.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 9 July Term 1889, Sup. Ct.; court below, No. 62 January Term 1889, C. P.

Case stated in which Ellen G. Bentz was plaintiff, and Edwin Myers defendant:—

On January 9, 1889, by contract in writing, Ellen G. Bentz agreed to convey to Edwin Myers a certain house and lot in the city of York, a title in fee clear of all incumbrances to be delivered on February 1, 1889, for a consideration of $4,600.

On February 1, 1889, Ellen G. Bentz tendered to said Edwin Myers a deed purporting to convey said property in accordance with the written agreement, but said Myers declined to accept the same, denying that it conveyed a title in fee.

The plaintiff's title tendered was as follows: One Mary Ahl was seized in fee of the premises so agreed to be conveyed, and prior to her death made her last will and testament, which was, after her death, to wit: on March 16, 1874, admitted to probate in the register's office of York county, in which she devised the said property, as follows:

" Item " I give, devise and bequeath unto my three daughters Mary Ahl, Louisa Ahl, and Catharine Ahl, my brick house and half lot of ground situate . . . . . in the borough of York aforesaid, . . . . . subject however to the following reservations and provisions, to wit: It is my will and desire that my said daughters shall have the use and benefit of my said house and lot, jointly, so long as they shall remain single and unmarried, but in case either of my said daughters shall marry, then such daughter shall forfeit her right to the use and benefit of my said real estate, and the use and benefit of the same shall inure to the benefit of my remaining unmarried daughters or daughter, during their natural lives or the life of the survivor of them. It is further my will that the survivor of my unmarried daughters shall have the right to dispose of my said house and lot by will or otherwise, but in the event that either of my said daughters should die unmarried, then the share of such daughter in the said real estate shall descend to my remaining single or unmarried daughters or the survivor of them. Should all of my said daughters marry, then the property shall be sold by them or the survivors of them and the proceeds shall be equally divided among them or their legal representatives.

" Item. And as to the rest and residue of my estate, if any, I give devise and bequeath the same to my said three daughters, in equal shares."

After the death of said testatrix, and before the conveyance of said property to Ellen G. Bentz, the plaintiff, Mary Ahl, one of the three daughters of said testatrix and devisees of said real estate under said will, died, intestate, unmarried and without issue, leaving to survive her, her two sisters, Catharine and Louisa Ahl, the other two devisees, and two brothers and the issue of a deceased brother.

On April 3, 1882, the said Louisa Ahl and Catharine Ahl, the two surviving devisees under said will, being both of full age and unmarried at the time, made a deed, bearing date on that day, regularly executed and purporting to convey said house and half lot of ground in fee to said Ellen G. Bentz, pro ut said deed made part of this case, for the sum of $3,500, (which was a full and fair price for said property,) who thereafter went into possession and erected thereon a dwelling-house at a cost of about $12,900.

The said Catharine and Louisa Ahl are still living and unmarried.

If the court shall be of opinion that under the provisions of said will or otherwise, the deed of said Louisa and Catharine Ahl conveyed to or vested a good title in fee simple in said Ellen G. Bentz, for the property in question, judgment to be entered for the plaintiff for one hundred dollars damages; and if not, then judgment for the defendant with costs; with right to either party to sue out a writ of error to the Supreme Court.

On March 20, 1889, the court, LATIMER, J., filed the following opinion:

The intention of the testatrix, Mary Ahl, to dispose of her entire estate is plain. She commences with the words, " And as to such worldly estate as I may be possessed of at the time of my death, I dispose of the same as follows : " and concludes with the words, " And as to the rest and residue of my estate, if any, I give and bequeath the same." The will is inartificially drawn, but taking the whole together, it is sufficiently clear that she intended to dispose of all her property, not to die intestate as to any part of it. Says Justice SHARSWOOD, in Geyer v. Wentzel, 68 Pa. 85, 87, this, to be sure, is never a conclusive argument in favor of a construction which passes a fee, but the courts have invariably laid hold of introductory or other words indicating such an intention, as they do of every other circumstance in a will which may help to guide their judgment to the true construction of it.

It is equally clear that the testatrix's three daughters, Mary, Louisa and Catharine, were not merely the principal, but the only objects of her solicitude and bounty. They are the only beneficiaries named in the will, and there is no devise over. To them is given everything that passes by the will. Prima facie the first taker is always the principal object of testator's bounty, and in doubtful cases the construction leans in favor of making the gift to him as effectual as possible : Rewalt v. Ulrich, 23 Pa. 388. While not conclusive, still the plain intent to dispose of her entire estate for the benefit of these three daughters, is a most important and controlling consideration in determining the quantum of the estate in her realty given to them by her will.

Opinion of Court below.

It is, however, contended by defendant's counsel that there is a contingency, on the happening of which this testatrix must be regarded as dying intestate as to the realty, the title to which is in controversy in this suit. For, they say, the paragraph in the will disposing, eo nomine, of this lot of ground, gives to the daughters but a life estate, with a power of disposition of the same in the one who shall become the unmarried survivor; and that if the said survivor shall die without executing the power, this real estate will descend to the heirs of the testatrix under the intestate laws. And further, they contend that the deed of conveyance to the plaintiff from the two surviving devisees in the will, was not a valid execution of the power, because, by its terms, it was to be executed by the single survivor, who had not, at the date of that deed, and has not yet been ascertained by the death or marriage of all but one; and that a power to be exercised on the happening of a particular event, or at a particular time, cannot be legally exercised before the time comes, or the event happens.

As already indicated, this construction would be contrary to the manifest intent of the whole will, to give the entire estate to the three daughters. And it has the further vice of being based on a part only of the will, viz.: that paragraph which disposes, eo nomine, of the lot in controversy. Besides all this, a power of absolute disposal, even coupled with the grant of a life estate only, is sufficient to vest a fee, when there is, as here, a manifest and general intent of the testator which would be defeated by adhering to the particular intent: Church v. Disbrow, 52 Pa. 219–23; Grove's Est., 58 Pa. 429. Certainly when the time arrives, as it must in the natural order of events, that one of these daughters shall be the sole survivor, she will have the absolute power of disposal of this land, and her estate will be a fee. Until the survivor is ascertained, the fee rests between the three devisees.

It is difficult, and probably unnecessary to define with technical accuracy the estate in these devisees created by the paragraph of the will now under consideration. With approximate correctness it may be said to be an estate for their joint lives, subject to be divested as to either one marrying, with alternative remainder in fee to the survivor. Certain it seems that by the operation of this paragraph alone, the fee resided among

the three devisees, and their conveyance in fee to this plaintiff, joined in by all of them, carried it to the plaintiff. Even if the fee were in abeyance during the currency of the life estate, and would only vest in the survivor at the death or marriage of the others, such survivor would be estopped to claim against her deed: Brown v. McCormick, 6 W. 60; Washabaugh v. Entriken, 34 Pa. 74. Regarding the estate in the devisees as merely a life estate, with a power of disposition in the survivor, and not to be exercised until the survivor is ascertained,—a construction so contrary to the general intent as to be in my judgment entirely untenable,—still as there is no devise over, and the postponement is solely for the benefit of the life tenants, they could consent to its exercise before the period, and, all joining in the deed, the survivor would be estopped to assert a right contrary to it: Styer v. Freas, 15 Pa. 339; Gast v. Porter, 13 Pa. 536; Brown's App., 27 Pa. 62.

But it is unnecessary to rest the judgment in this case on grounds so technical. For I regard the residuary clause in the will as entirely decisive of this controversy, a view of the case which seems to have escaped the attention of either counsel.

The residuary clause is in these words: " And as to the rest and residue of my estate, if any, I give, devise and bequeath to my said three daughters in equal shares." And whatever doubt may have existed as to the estate of these three devisees in this lot of ground, under the prior gift in the will, is entirely removed by this clause. If, as contended by defendant's counsel, the prior gift only vested in the daughters and devisees a life estate in this lot, with a power of disposal in the survivor, then there remained a residue thereof, undisposed of, to wit, the reversion after the expiration of the life estate, if the power should remain unexecuted, and this was clearly given to the three daughters by this residuary clause; and it cannot be successfully contended that that clause only referred to the estate of the testatrix other than what had been previously mentioned: Brown v. Boyd, 9 W. & S. 123, 129; Harper v. Blean, 3 W. 473. In the latter case says Justice SERGEANT, in language peculiarly applicable to this case, " That the last devising clause was thrown in for the express purpose of comprehending every thing which he might have previously omitted, and with the design of making his wife universal legatee and

devisee of all that he owned or possessed, I think is apparent; and in the construction of wills, the intent of the testator is to be carried into effect, if no rule of law be thereby infringed. It is objected that by the bequest of whatsoever was not named that he had any right to, either in law or equity, only things ejusdem generis as those previously mentioned passed, and that this clause cannot be extended to real estate. But artificial rules for the interpretation of deeds, contracts and other deliberate instruments, are not applicable to the construction of wills. On the contrary, many constructions have been given to words in a will to effectuate the intention of the testator, which would not have been permitted in a deed, and the same words have received different constructions. In modern times words not appropriate to real estate such as property, interest, effects and even legacy, have been adjudged sufficient." It will be observed that the language of the residuary clause of Mrs. Ahl's will is at least as apt to pass real estate as those held sufficient in the above case.

Applying the principles of this and the other above cited cases to the case in hand, it follows that whatever interest or estate in this particular lot of ground, however contingent or remote, did not pass by the first gift in the will of Mary Ahl to the three devisees therein named, must have passed to them by the residuary clause; that the fee vested in them at and immediately after the death of the testator; and by the death of the daughter, Mary, her share descended under the terms of the will to her sisters Catharine and Louisa, whose conveyance to the plaintiff was effectual to invest the fee in her. As that deed contains no reference to the power of disposal given by the will, it cannot be construed to have been made in execution of the power, for when one has both a power to sell and an interest in land, and makes a conveyance without reference to the power, it shall be deemed and taken that the land passed by virtue of his ownership, and not in execution of the power: Hay v. Mayer, 8 W. 203; and hence the question of the premature execution of the power does not arise.

To recapitulate: It is probable that by the first gift in this will, this lot of ground passed to the three devisees for their joint lives, with remainder in fee to the survivor; for "the power to dispose by will or otherwise," even if coupled with

the gift of a limited estate, being the highest badge of ownership, would give the survivor a fee. But the construction must be placed upon the whole will. There is manifest a paramount intention of the testatrix to give her three daughters her whole estate, and by the residuary clause, she effectuates that intention by words sufficient to carry real estate in fee. It follows that the fee vested in the three devisees, subject to survivorship, and must finally and completely vest in one of the two now living. Their deed in fee simple to this plaintiff, is conclusively presumed to have been made in virtue of their ownership, and not in execution of the power of disposal granted in the will, and it conveyed to the plaintiff a fee simple in the lot of ground in controversy.

And now to wit, March 20, 1889, judgment in the case stated for the plaintiff for one hundred dollars with costs of suit.

Thereupon the defendant took this writ, assigning for error the entry of judgment for the plaintiff on the case stated.

*Mr. V. K. Keesey* and *Mr. W. F. Bay Stewart* (with them *Mr. Niles* and *Mr. Neff*), for the plaintiff in error.

*Mr. Smyser Williams* (with him *Mr. Cochran*), for the defendant in error.

PER CURIAM:

In view of the facts presented in the case stated, we are of opinion that the deed of Louisa and Catharine Ahl, surviving devisees of their mother Mary Ahl, to Ellen G. Bentz, the plaintiff below, for the real estate in question, vested in the latter a good title thereto in fee simple, and that the deed tendered by her to defendant below is sufficient to vest in him a good title in fee simple to same real estate. It therefore follows that the learned judge of the Common Pleas was right in entering judgment on the case stated in favor of the plaintiff below. The assignment of error is not sustained.

Judgment affirmed.